IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD W. GRIGG, | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION NO. 3:13-250 |
| | ) |
| v. | )   JUDGE KIM R. GIBSON |
| | ) |
| GREGORY O'BRIEN; ADR SERVICES, INC; and WHITTIER COLLEGE, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

**I.   Introduction**

Before the Court are two motions to dismiss for lack of personal jurisdiction and improper venue (ECF Nos. 16 and 18) filed by Defendants Gregory O'Brien, ADR Services Inc., and Whittier College. For the reasons stated below, the Court finds that venue is improper in this district, and this case will be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a).

**II.   Background**

This unusual case arises out of a dispute between an attorney and his client that resulted in a binding arbitration proceeding held in California. In 2006, Plaintiff Ronald W. Grigg represented an individual named Blaine Chaney in conjunction with Chaney's marital dissolution. (Am. Compl. ¶ 27). As part of this representation, Chaney and Grigg executed a contingency fee agreement that contained a mandatory arbitration clause. (Id. ¶ 27). Over the course of several months, Grigg provided legal services to Chaney, and Grigg helped Chaney secure a settlement valued at over $30 million. (Id. ¶ 31). Although

Chaney made laudatory comments about Grigg's services, he later became dissatisfied with Grigg and sought to have the contingency fee agreement invalidated. (*Id.* ¶¶ 31–33).

In September 2006, Chaney filed suit in the Superior Court of California for the County of Los Angeles. In accordance with the parties' fee agreement, Judge Aurelio Munoz ordered the case to arbitration, and Defendant Gregory O'Brien served as the arbitrator. (*Id.* ¶ 35). In November 2007, O'Brien issued an interim award, finding that the fee agreement was unconscionable. (ECF No. 17-2 at 2). In November 2008, O'Brien issued a final award in favor of Chaney and against Grigg in the amount of $2,816,957.35, plus interest. (ECF No. 17-1 at 1). The trial court confirmed the arbitration award in 2010, and the Court of Appeals of California affirmed the decision in 2011. (ECF No. 17-2).

Grigg is now suing arbitrator O'Brien, ADR Services, Inc., and Whittier College, alleging that they misrepresented O'Brien's legal credentials. Specifically, Grigg claims that Defendants deceived him into thinking that O'Brien attended Whittier College School of Law, an ABA-accredited law school, when he actually attended Beverly College of Law, a now defunct corporate entity that never received ABA-accreditation.

For purposes of this decision, it is unnecessary to discuss the exact contours of Defendants' alleged conduct. It suffices to say that O'Brien purportedly represented to Grigg that he attended Whittier College School of Law, though he attended Beverly College of Law. In 2001, Agents of Whittier College allegedly changed the name of Beverly College of Law to "Whittier Law School" by filing an amended Articles of Incorporation with the California Secretary of State; this filing apparently created the false

impression that Beverly College of Law is affiliated with Whittier College School of Law. (Am. Compl. ¶ 56). Grigg further avers that ADR Services, Inc.—which employs O'Brien as an arbitrator—included material misrepresentations on its website about O'Brien's credentials. (*Id.* ¶¶ 9–10).

The crux of Grigg's amended complaint is that, had he known the truth about O'Brien's legal education, he would have objected to O'Brien serving as the arbitrator. Grigg further argues that Defendants' misrepresentations caused him to incur "significant financial losses" that ultimately led to his bankruptcy filing in Pennsylvania. (*Id.* ¶ 21). Grigg seeks to invoke this Court's diversity jurisdiction because Defendants are citizens of California and Grigg is a citizen of Pennsylvania. Defendants now move to dismiss this case for lack of personal jurisdiction and improper venue.

**III. Standard of Review**

A motion filed pursuant to Fed. R. Civ. P. 12(b)(3) permits a party to move for dismissal when venue is improper. The pertinent statute—28 U.S.C. § 1391—provides in material part as follows:

> **(b) Venue in general.**—A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . .; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. The parties agree that subsections (1) and (3) are inapplicable to this case, and the Court need only consider whether venue is proper under 28 U.S.C. § 1391(b)(2). (ECF No. 28 at 8; ECF No. 37 at 8; ECF No. 38 at 2).

Relevant here, 28 U.S.C. § 1391(b)(2) makes clear that the events or omissions supporting a claim in a given jurisdiction must be "substantial." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012). "The test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Furthermore, "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Id.* at 294. The substantiality requirement "preserves[s] the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

When deciding a Rule 12(b)(3) motion, the district court must accept as true all factual allegations in the complaint, but the parties may submit affidavits in support of their positions. *Leone v. Cataldo*, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008). The defendant bears the burden of showing that venue is improper, and a plaintiff's choice of venue is generally afforded deference. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1982); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). When venue is improper, the district court must dismiss the action or, "if it be in the interest of justice," transfer the action to a proper venue. 28 U.S.C. § 1406(a). The decision to transfer lies in the district court's discretion and is often the preferred course of action to save the time and expense

associated with refiling the suit elsewhere. *Corporate Air, LLC v. Davis*, 2:13-CV-729, 2014 WL 516582, at *3 (W.D. Pa. Feb. 7, 2014).

IV.     **Discussion**

Defendants raise several arguments to support their motions to dismiss for lack of personal jurisdiction and improper venue. Because the Court finds that venue is improper, it will only discuss its reasoning as to venue and for transferring this case to the Central District of California.

A.     **The parties' arguments with respect to venue**

The primary thrust of Defendants argument is that *all* of the alleged events or omissions giving rise to the dispute occurred in the Central District of California. Defendant Whittier College has aptly summarized the position of Defendants as follows:

> The instant action arises out of an arbitration proceeding held in California, which related to a dispute which arose in California, and is based upon the alleged fraudulent misrepresentations of a California College, a California corporation, and a California resident. Solely because the plaintiff, a licensed California attorney, happens to reside in Pennsylvania, the plaintiff has filed suit in the Western District of Pennsylvania.

(ECF No. 19 at 1).

In response, Grigg maintains that venue is proper in this district because his injuries occurred here. Specifically, Grigg claims that he has suffered "significant financial losses," including bankruptcy, in the Western District of Pennsylvania. (ECF No. 28 at 9). Grigg further argues that venue is proper in this forum because

    (1)    Pennsylvania public policy favors the enforcement of its own consumer protection laws;

    (2)    Grigg's lack of financial resources favors litigation in Pennsylvania as opposed to California; and

    (3)    Grigg's pending bankruptcy appeal in the Western District of Pennsylvania raises similar legal and factual issues, making it judicially expeditious for the Court to consider both cases simultaneously.

(*Id.* at 13–14). Grigg alternatively argues that he should be given the opportunity to conduct jurisdictional discovery before the Court rules on the instant motions. (*Id.* at 15).

**B.**    **Venue is not proper in the Western District of Pennsylvania**

In applying the applicable law to the averred facts in Grigg's amended complaint, the Court finds that the Western District of Pennsylvania in not a proper venue. Absent from Grigg's amended complaint is any indication that a substantial portion of the events or omissions giving rise to the claims occurred in this district. Although Grigg correctly notes that venue may be proper in more than one jurisdiction and that this district need not be the "best forum" for the action, *see MacKay v. Donovan*, 747 F. Supp. 2d 496, 502 (E.D. Pa. 2010), Grigg fails to allege *any* facts that would support venue in this district.

As noted above, 28 U.S.C. § 1391(b)(2) seeks to prevent defendants from having to litigate in remote districts that have little or no connection to the underlying dispute. *See, e.g., Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). The Western District of Pennsylvania has no connection to this case other than the fact that Grigg resides here. By contrast, California has a substantial connection to this dispute. Grigg's representation of Blaine Chaney occurred in California. Chaney sued Grigg in California,

6

and a California court ordered the case to arbitration that occurred in California. Whittier College School of Law and the corporate entity known as "Whittier Law School" are also located in California. Furthermore, O'Brien resides in California, and ADR Services, Inc., is headquartered in California. Finally, the arbitration award was entered in California and was upheld by courts in California.

Grigg will certainly face some difficulty in pursing his claims in California given that he now resides in Pennsylvania. Nevertheless, the facts Grigg relies on to support venue in this district—e.g., his financial hardship and his pending bankruptcy appeal— are irrelevant. Moreover, district courts have consistently found that economic harm, without any other substantial activity in a given jurisdiction, is insufficient to establish venue. *See, e.g.*, *ProModel Corp. v. Story*, CIV. 07-3735, 2007 WL 4124502, at *3 (E.D. Pa. Nov. 19, 2007) (collecting cases). Put simply, venue is improper in this district, and Grigg has offered no compelling reason why the Court should permit him to conduct jurisdictional discovery before ruling on the instant motions.

### C. This case should be transferred to California

In the absence of proper venue, 28 U.S.C. § 1406(a) obligates the Court to either dismiss the case or transfer it to a district in which it could have been brought. A district court has broad discretion in deciding whether to transfer a case and should do so when it is in the interest of justice. *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (citation omitted). The parties do not dispute that Grigg could have filed this suit in the

Central District of California, and thus the only remaining issue is whether transfer is appropriate in this case.

The Court finds that transfer would save Grigg the time and expense associated with refiling this suit in California. This consideration weighs heavily in favor of transfer given Grigg's current financial situation. Moreover, the Court finds that transfer would promote judicial economy. Finally, it appears that transfer—as opposed to the harsh remedy of dismissal—is the "preferable course of action" under § 1406(a), at least for courts in this district. *Corporate Air, LLC v. Davis*, 2:13-CV-729, 2014 WL 516582, at *3 (W.D. Pa. Feb. 7, 2014) (citing *Federal Practice and Procedure* § 3827 (3d ed. 2004)); *accord Stanton-Negley Drug Co. v. Pennsylvania Dep't of Pub. Welfare*, CIV.A. 07-1309, 2008 WL 1881894, at *5 (W.D. Pa. Apr. 24, 2008).

V.     **Conclusion**

For the reasons stated above, the Court finds that venue is improper in the Western District of Pennsylvania and that, in the interest of justice, this case should be transferred to the Central District of California.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD W. GRIGG, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:13-250 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| GREGORY O'BRIEN; ADR SERVICES, INC; and WHITTIER COLLEGE, | ) ) ) | |
| Defendants. | ) | |

### ORDER

NOW, this 11th day of April, 2014, it is hereby ordered that the motion to dismiss or, in the alternative, to transfer (ECF No. 18) filed by Defendant Whittier College is GRANTED in part and DENIED in part. The motion is granted to the extent this case is transferred to the Central District of California. The motion is otherwise denied.

It is further ordered that the motion to dismiss (ECF No. 16) filed by Defendants Gregory O'Brien and ADR Services, Inc., is DENIED as moot.

The Clerk of Court shall transfer this case to the United States District Court for the Central District of California. This case shall be marked as closed.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE